UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
KENYAITTA BENJAMIN FOREMAN,

    Plaintiff,

**MEMORANDUM AND ORDER**

11 CV 4584 (ENV)

-against-

OFFICER SAN MARTIN, Shield 17157;
GMDC SUPT. WARDEN J. DAVIS;
DOCS NYC COMMISSIONER;
NYS/NYC GANG INTELLIGENCE
UNIT NYC DOCS,

    Defendants.
---------------------------------------------------------------x
KENYAITTA BENJAMIN FOREMAN,

    Plaintiff,

11 CV 4585 (ENV)

-against-

OFF. SUREZ, SHIELD # 10977;
OFF. CROWE; OFF. PARKER;
OFF ROBINSON; OFF. BANKS;
GMDC SUPT. WARDEN J. DAVIS;
OFF. CAPT. CARMICHAEL, MDC C-73;
MENTAL HEALTH DEPT.; NYC DOCS
COMMISSIONER,

    Defendants.
---------------------------------------------------------------x

VITALIANO, United States District Judge.

    Plaintiff brings these two 42 U.S.C. § 1983 *pro se* actions related to conduct that allegedly occurred while he was incarcerated at Rikers Island Correctional Facility. Plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are granted. Plaintiff's complaints are

consolidated solely for the purpose of this order. For the reasons discussed below, plaintiff's complaints are dismissed for failure to state a claim upon which relief may be granted.

## Background

In 11 CV 4584, plaintiff alleges that correction officers at Rikers Island confiscated his Nike sneakers, stating that "they were gang related," and issued him "Bob Barker institutional sneakers." (See id., Complaint, at Statement of Claim ¶ IV.) In 11 CV 4585, although not entirely clear, plaintiff generally alleges that correction officers stole two pairs of pants out of a package he received in the mail. (See Id., Complaint, at Attached Rider pgs 1-6.) Plaintiff seeks monetary damages for these alleged harms.

## Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 129 S.Ct.

2

1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read such a complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

To maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. And, in a civil rights action for monetary damages, a plaintiff must demonstrate the defendants' direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation, Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1991); Kneitel v. Hynes, No. 11 CV 2883, 2011 WL 2747668, at *2 (E.D.N.Y. July 13, 2011), and must "allege a tangible connection between the acts of the defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).

Plaintiff's claims against defendants Warden Davis, Captain Carmichael, and the Commissioner of the New York City Department of Correction must fail. Liability under § 1983

cannot be generally imposed on a supervisor solely based on his position because there is no respondeat superior or vicarious liability under § 1983. See, e.g., Iqbal, 129 S.Ct. at 1948 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003); Jenkins v. Morris, No. 11 CV 4178, 2011 WL 3877057, at *2 (E.D.N.Y. Sept. 1, 2011). Here, plaintiff fails to allege any facts to support a claim that Warden Davis, Captain Carmichael, or the Commissioner of the New York City Department of Correction had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights to make them liable under § 1983. Accordingly, plaintiff's claims against them are dismissed.

Moreover, to the extent that plaintiff seeks to name the GMDC facility at Rikers Island as a defendant, his claim fails. Rikers Island, which is part of the New York City Department of Correction, an agency of the City of New York, cannot be sued independently. Jackson v. Rikers Island Facility, No. 11 Civ. 285, 2011 WL 3370205, at *2 (S.D.N.Y. Aug. 2, 2011); Thomas v. Bailey, No. 10 CV 0051, 2010 WL 662416, at *2 (E.D.N.Y. Feb. 22, 2010).

Finally, plaintiff's allegations that he was not allowed to wear the sneakers of his choice and that two pairs of his pants were removed from his possession without his permission while he was incarcerated at Rikers fail to suggest any legal theory on which claims against the remaining defendants could be based.[1] First, according to New York City Department of Correction policy, of which the Court may and does take judicial notice on this sua sponte motion, inmates are not

---

[1] Obviously, with respect to the defendants against whom claims were dismissed on other grounds, assuming specific allegations as made against the remaining defendants, the same deficiencies in pleading would be fatal to those claims as well.

permitted to keep personal footwear and should receive departmental footwear when they are first processed, along with a property receipt for their personal footwear. See Wheat v. New York City Dept. of Correction, No. 10 Civ. 5459, 2010 WL 5129065, at *1 (S.D.N.Y. Dec. 15, 2010). Second, plaintiff has failed to allege any specific facts to support his claim that his pants were stolen; rather, he has made broad allegations against a host of correction officers. Even assuming that plaintiff's pants were taken from his possession without permission, no deprivation of a constitutional right would have occurred. Accordingly, this claim fails to rise to the level of a constitutional violation. In fact, until he is released from custody and his property is not returned to him, he appears to have no cognizable claim whatsoever.

## Conclusion

In accordance with the forgoing, plaintiff's complaints are dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in accordance with this Memorandum and Order and to close both cases.

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
February 18, 2012

5